UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

GARDEN CITY BOXING CLUB, INC.,

        Plaintiff,

  - against -                ORDER

                                  CV 06-4876 (FB)(MDG)

446 PARK RESTAURANT CORP., et al.,

        Defendants.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Defendant pro se Philon Andrews moves for assignment of counsel pursuant to 28 U.S.C. § 1915(e).

    The Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986) and Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), discussed the factors to be considered in determining whether counsel should be assigned to an indigent litigant. The court must first determine whether the litigant's case was 'likely to be of substance.' Cooper, 877 F.2d at 172. If the litigant meets this threshold requirement, the court should consider other pertinent factors, including: (1) the litigant's ability to obtain representation independently, (2) her ability to handle the case without assistance, (3) the complexity of legal issues involved, and (4) the need for expertly conducted cross-examination. Id. The Second Circuit further cautioned that applications for appointment of counsel should not be indiscriminately granted, recognizing that:

> Volunteer lawyer time is a precious commodity. Courts are given a major role in its distribution. Because

> this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving client. We cannot afford that waste.

Cooper, 877 F.2d at 172.

In the instant case, defendant Andrews has not demonstrated that he satisfies the requirements for appointment of counsel. First, Andrews has not provided the court with meaningful evidence that his defenses are "of substance." Even where a party's position is likely to be of substance, many courts have denied appointment of counsel where the issues involved were not complex and plaintiff demonstrated that he was capable of presenting his case. See, e.g., Hall v. Pease, 229 F.3d 1135 (2d Cir. 2000); Samet v. Dodrill, No. 05 Civ. 8795, 2006 WL 278185 (S.D.N.Y. Feb. 3, 2006); Rodriguez v. Morton, No. 04 Civ. 3787, 2006 WL 177008 (S.D.N.Y. Jan. 25, 2006). Here, the legal issues that will be presented regarding liability are not complex and determination will be based primarily on a determination of the facts. Based on his writing ability, Andrews appears capable of articulating his defenses and investigating disputed factual issues.

While Andrews will undoubtedly be disadvantaged by his lack of legal training, none of his submissions leads the court to find that he is in greater need and more deserving of counsel than other pro se parties in this court. Therefore, defendant Andrews' motion for assignment of counsel is DENIED, without prejudice.

Further, Andrews is directed to file with the Court, and serve upon the other parties in this action, an Answer to the Complaint by August 6, 2007.

SO ORDERED.

Dated: Brooklyn, New York
      July 12, 2007

                                      /s/
                                      MARILYN DOLAN GO
                                      UNITED STATES MAGISTRATE JUDGE